WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Henry Carter Metcalf, a single person, | No. CV 11-0455-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Southwest Gas Corporation, | |
| Defendant. | |

Pending before the Court is Southwest Gas Corporation's Motion to Dismiss First Amended Complaint (Doc. 24). Plaintiff has filed his Response to the Motion to Dismiss (Doc. 27) and Defendant has filed its Reply in Support of its Motion to Dismiss (Doc. 28). For the reasons that follow, Defendant's Motion to Dismiss is denied.

## I. BACKGROUND

In his Complaint, Plaintiff alleges that, on October 21, 2008, Southwest Gas Corporation blocked off his house and would not let him enter because of the danger of a gas leak. (Doc. 18 at ¶ 5). Plaintiff alleges that, for several months preceding the discovery of the gas leak, he had been suffering health problems, including uncontrollable coughing spasms, floaters broken loose in his eyes, numbness in his ring and pinky fingers on both hands, involuntary nervous ticks in both index fingers, pain in the left side of his neck and then his right side, very little sleep every night secondary to coughing persistently throughout the night, the mucus membranes in his nose and sinuses becoming swollen and dry, nasal and

1  eye drainage, and poor appetite and weight loss. (*Id.* at ¶¶ 10 & 16). Plaintiff alleges that, for several months preceding the discovery of the gas leak, the vegetation surrounding his home died and that when Plaintiff replaced this vegetation, it again died. (*Id.* at ¶ 9). Plaintiff alleges that the gas leak was the source of harm that caused his injuries and caused his vegetation to die. (*Id.* at ¶¶ 8, 10, 11, 16). Plaintiff further alleges that Defendant was engaged in an abnormally dangerous activity that caused his injuries. (*Id.* at 14).[1]

Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted as required by Federal Rules of Civil Procedure 12(b)(6) and 8(a) because Plaintiff has failed to allege sufficient facts to support a causal connection between the alleged gas leak and Plaintiff's alleged injuries. (Doc. 24 at 4-5).

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure embrace a notice-pleading standard. All that is required to survive a Rule 12(b)(6) motion is "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), in order to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In pleading the grounds of the claim, the plaintiff need not provide "detailed factual allegations," *id.*; however, the plaintiff must plead enough facts "to raise a right to relief above the speculative level." *Id.* at 1965. This does "not impose a probability requirement at the pleading stage." *Id.* at 556.

"[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563. Further, when

---

[1] In response, Defendant argues that Plaintiff's strict liability claim fails because, as a matter of law, the transmission of natural gas is not an abnormally dangerous activity. (*Id.* at 5-6). During oral argument on Defendant's Motion to Dismiss, Plaintiff withdrew his strict liability claim and, accordingly, the Court dismissed Plaintiff's strict liability claim without prejudice. Accordingly, the Court will not address Defendant's strict liability argument.

1  analyzing a motion to dismiss for failure to state a claim, the court must construe the
2  complaint in the light most favorable to the plaintiff, accept its factual allegations as true, and
3  draw all reasonable inferences in favor of the plaintiff. *See Assoc. for Los Angeles Deputy*
4  *Sheriffs v. County of Los Angeles*, 648 F.3d 986 (9th Cir. 2011).

**III. ANALYSIS**

Defendant argues that Plaintiff has failed to sufficiently allege a causal connection between the gas leak and Plaintiff's injuries. Defendant claims that Plaintiff failed to "allege that natural gas *can* cause the types of injuries Plaintiff claims to have suffered or that it *did* cause those alleged injuries in this case. (Doc. 28 at 4) (emphasis in original). Defendant further claims that Plaintiff never alleged "how the natural gas, or a constituent of natural gas, came into contact with the Plaintiff himself, how that contact was sufficient or capable of causing any personal health problems generally, and how such caused those problems specifically in the Plaintiff." (*Id.*). Defendant argues that Plaintiff's failure to make these allegations requires speculation, rendering the allegations insufficient to satisfy Federal Rules of Civil Procedure 8(a).

In his Complaint, Plaintiff alleged that Defendant's negligence caused a gas leak, that the gas leak caused Defendant to block off Plaintiff's house for a period of time due to "danger of gas within the dwelling," and that Plaintiff sustained specific injuries from his exposure to the gas leak. Assuming these facts are true, Plaintiff has adequately stated a claim upon which relief can be granted. Defendant's argument suggests that it believes Plaintiff is required to *prove* causation in his Complaint. However, Federal Rules of Civil Procedure 8(a) does not require Plaintiff to prove his claim in the Complaint, nor does it impose "a probability requirement at the pleading stage; it simply calls for [plaintiff to allege] enough fact[s] to raise a reasonable expectation that discovery will reveal evidence to support the allegations." *Starr v. Baca*, 652 F.3d 1202, 1217 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556). In his Complaint, Plaintiff does allege facts that could be proved by evidence obtained through the discovery process, i.e. that Defendant's negligence caused a gas leak and that, as a result, Plaintiff was exposed to and sustained injuries related to the leak.

Defendant argues that it is "illogical and unwarranted" to link Plaintiff's injuries to the gas leak because there are other "commonly-known possible causes of Plaintiff's alleged harm." For instance, Defendant posits that Plaintiff's coughing spasms could be caused by "allergies, the inhalation of an irritant . . . or diseases such as influenza and respiratory infection." (Doc. 28 at 5). Defendant's alternative explanations do not make Plaintiff's theory of the case any less plausible.

> If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6). Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'

*Starr*, 652 F.3d at 1217 (quoting *Twombly*, 550 U.S. at 556) (emphasis in original). Accordingly, the Court finds that Plaintiff has adequately pled causation as required by Federal Rules of Civil Procedure 8(a).

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's strict liability claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that, in all other respects, Southwest Gas Corporation's Motion to Dismiss First Amended Complaint (Doc. 24) is denied.

DATED this 18th day of November, 2011.

_____
James A. Teilborg
United States District Judge