**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Henry Carter Metcalf, | ) | No. CV-11-0455-PHX-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Southwest Gas Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Pending before the Court is Plaintiff's Motion to Remand to State Court. (Doc. 43). Defendant filed a response on February 27, 2012 (Doc. 47), and Plaintiff replied on March 5, 2012. (Doc. 48). For the reasons that follow, the Court now grants the Motion.

**I. BACKGROUND**

Plaintiff initially filed suit against Defendant in state court, alleging that Defendant caused a gas leak near his house that resulted in injury to Plaintiff. On March 8, 2011, Defendant removed the case to this Court, alleging that the amount in controversy exceeded $75,000 and that diversity of citizenship existed between Plaintiff and Defendant. (Doc. 1 at 2). Defendant filed a Motion to Dismiss (Doc. 24), which was denied. Thereafter, the parties proceeded to discovery and engaged in pre-trial litigation. On February 10, 2012, Plaintiff moved to remand the case to state court, asserting that Defendant failed to carry its legal burden to show that the amount in controversy more than likely exceeded $75,000.

## II.    LEGAL STANDARD

### A.    The Diversity Jurisdiction Statute

Pursuant to 28 U.S.C. § 1332, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1).

### B.    The Removal Statute

The removal statute, 28 U.S.C. § 1441, provides, in pertinent part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("Only . . . actions that originally could have been filed in federal court may be removed to federal court by the defendant."). Courts strictly construe the removal statute against removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992); *see also Mesa Indus., Inc. v. Eaglebrook Prods., Inc.*, 980 F. Supp. 323, 324 (D. Ariz. 1997).

There is a "strong presumption" against removal, and "[f]ederal jurisdiction 'must be rejected if there is any doubt as to the right of removal in the first instance.'" *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus*, 980 F.2d at 566); *see Mesa Indus.*, 980 F. Supp. at 324. "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566; *see Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999) ("The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction.") (citing *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)); *Duncan*, 76 F.3d at 1485 (stating that "defendant[] has the burden of establishing that removal was proper"); *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986) ("[T]he party asserting diversity jurisdiction bears the burden of

1    proof.").

2    **C.    The Removing Defendant Has the Burden of Establishing the**
     **Amount in Controversy Requirement by a Preponderance of the**
3    **Evidence**

4          "In a removed case, . . . the plaintiff chose a state rather than federal forum.  Because

5    the plaintiff instituted the case in state court, 'there is a strong presumption that the plaintiff

6    has not claimed a large amount in order to confer jurisdiction on a federal court[.]'" *Singer v.*

7    *State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury*

8    *Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938)).  "Where the complaint does not

9    demand a dollar amount, the removing defendant bears the burden of proving by a

10   preponderance of the evidence that the amount in controversy exceeds [$75,000]." *Id.* at 376

11   (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *see Gibson v.*

12   *Chrysler Corp.*, 261 F.3d 927, 933 (9th Cir. 2001), *cert. denied*, 122 S. Ct. 903 (2002)

13   (internal citations omitted); *see also Gaus*, 980 F.2d at 566-67 ("If it is *unclear* what amount

14   of damages the plaintiff has sought, . . . then the defendant bears the burden of actually

15   proving the facts to support . . . the jurisdictional amount.") (emphasis in original).

16         "Under this burden, the defendant must provide evidence establishing that it is 'more

17   likely than not' that the amount in controversy exceeds [$75,000]." *Sanchez*, 102 F.3d at

18   404.  "[R]emoval 'cannot be based simply upon conclusory allegations' where the

19   [complaint] is silent" as to the dollar amount of damages the plaintiff seeks. *Singer*, 116 F.3d

20   at 377 (citing *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). However,

21   the inquiry into the amount in controversy is not confined to the face of the complaint. *See*

22   *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (endorsing the Fifth Circuit's

23   practice of considering facts presented in the removal petition as well as any "summary-

24   judgment-type evidence relevant to the amount in controversy at the time of removal.").

25   **III.    Analysis**

26         It is undisputed that Plaintiff and Defendant are citizens of different states as required

27   by 28 U.S.C. § 1332.  Accordingly, the Court must determine whether the amount in

28   controversy exceeds $75,000.

1

### A.    Motion to Remand

2      Plaintiff does not demand a particular dollar amount in his complaint.  Thus, it is

3  Defendant's burden to prove by a preponderance of the evidence that the amount in

4  controversy exceeds $75,000.  *Singer*, 116 F.3d at 376.  This requires that Defendant submit

5  evidence to show it is more likely than not that the amount in controversy exceeds $75,000.

6  *Sanchez*, 102 F.3d at 404.  Defendant may submit summary-judgment-type evidence relevant

7  to the amount in controversy at the time of removal, but may not rely upon conclusory

8  allegations.  *Valdez*, 372 F.3d at 1117.

9      Defendant submitted the following evidence to prove that the amount in controversy

10  exceeds $75,000: (1) the certificate regarding compulsory arbitration from Pinal County

11  Superior Court stating that Plaintiff sought more than $40,000 (Def. Ex. 2); (2) a letter from

12  Plaintiff's counsel indicating a belief that Plaintiff's damages would be a "big number" and

13  a willingness to settle for a "big number" (Def. Ex. 1); (3) the lack of response to

14  Defendant's assumption in their letter of March 8, 2011, that Plaintiff was seeking more than

15  $75,000 in damages (Def. Ex. 3); (4) Plaintiff's 'stipulation' that the case was a diversity

16  case in the parties' Joint Case Management Plan (the "Plan") (Doc. 9 at 4); and (5) Plaintiff's

17  failure to previously raise the amount in controversy issue. As discussed below, this evidence

18  is not sufficient to prove by a preponderance of the evidence that the amount in controversy

19  in this case exceeded $75,000 at the time of removal.

20      First, the certificate regarding compulsory arbitration does nothing more than establish

21  that the amount in controversy is likely more than $40,000. *See* Super. Ct. Local Rules--Pinal

22  County, Rule 2.20 (requiring arbitration for claims under $40,000). The Court may consider

23  this certificate as a concession by Plaintiff of the amount that they are seeking for their claim.

24  *See Ansley v. Metro. Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003) (citing *Singer*, 116

25  F.3d at 376).  However, while the certificate establishes that Plaintiff is seeking an amount

26  that is more than $40,000 for their claim, the certificate does not prove that the amount in

27  controversy is greater than $75,000.

28      Second, the letter from Plaintiff's counsel does not establish that the amount in

controversy exceeds $75,000. "A settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (internal citations and footnote omitted). However, a "big number" need not be more than $75,000. Indeed, by using the term, Plaintiff avoided the need to place a dollar value on his claim. Accordingly, the assertion that Plaintiff's claim is worth "a big number" is not specific enough to provide a reasonable estimate of Plaintiff's claim sufficient to support a finding that it is more likely than not that Plaintiff's claim exceeds $75,000.

Third, Plaintiff's failure to respond to Defendant's assumption that Plaintiff was seeking more than $75,000 in damages is not persuasive. Defendant cites two cases from this district as authority for considering the refusal to agree that Plaintiff will not obtain an award more than the amount in controversy as evidence of the actual amount in controversy. *See Ansley v. Metropolitan Life Ins. Co.*, 215 F.R.D. 575, 578 (D. Ariz. 2003); *Del Real v. Healthsouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001). "Plaintiffs, however, are under no . . . obligation to announce, on their own accord, the amount in controversy." *Gordon v. Allstate Ins. Co.*, CV-09-1828-PHX-MHM, 2010 WL 1949164 at *2 (D. Ariz. May 13, 2010); s*ee, e.g., Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) ("Defendant's assertion that it is 'conclusively established' that the amount in controversy in this case exceeds $75,000 by plaintiff's refusal to stipulate that the case is not worth $75,000 is not convincing."). Defendant only argues that Plaintiff has not affirmatively stated that he seeks less than $75,000, and fails to show any evidence that Plaintiff refused to agree that he sought more. As such, Plaintiff's lack of response to Defendant's assumption does not establish that the amount in controversy exceeds $75,000.

Fourth, Defendant argues that Plaintiff stipulated that the amount in controversy exceeded $75,000 in the Plan. (Doc. 9 at 4). The Plan states "[t]his is a diversity case pursuant to 38 [sic] U.S.C. § 1332." *Id.* "[Factual stipulations are] binding and conclusive . . ., and the facts stated are not subject to subsequent variation." *Christian Legal Soc'y Chapter of the Univ. of California, Hastings Coll. of the Law v. Martinez*, 130 S. Ct. 2971,

1   2983 (2010) (quoting 83 C.J.S. *Stipulations* § 93 (2000)). However, the stipulation here is

2   legal, rather than factual; Plaintiff did not stipulate that he sought damages greater than

3   $75,000. Rather, he stipulated that there was "diversity" jurisdiction, which is a legal

4   conclusion based on underlying facts. "[A] defect in subject matter jurisdiction cannot be

5   stipulated to or waived." *Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp.

6   1196, 1199 (N.D. Cal. 1998); *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 942 (9th

7   Cir. 2006) ("A lack of subject matter jurisdiction . . ., is a non-waivable defect."). 

8   Accordingly, the Parties' assertion in the Plan that this is a diversity case, is not binding for

9   the purpose of proving the amount in controversy to assert subject matter jurisdiction.

10      Further, even if the Court were to take the Plan as evidence of Plaintiff's belief

11  regarding the amount in controversy at the time the parties filed the Plan with the Court, it

12  would not serve as evidence of the amount in controversy at the time of removal. Instead, it

13  might be indicative of the amount in controversy at the time the Plan was filed. Absent any

14  further evidence of the amount in controversy at the time of removal, Defendant has failed

15  to meet its burden of showing that the amount in controversy was greater than $75,000 when

16  this case was removed.

17      Further, Defendants argue that this case should not be remanded because Plaintiff

18  failed to previously raise the amount in controversy issue. "If at any time before final

19  judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

20  remanded." 28 U.S.C. § 1447(c). Although Plaintiff should have moved to remand earlier in

21  the litigation for the convenience of all parties and judicial economy, a lack of subject matter

22  jurisdiction necessitates remand whenever the issue is raised.

23      **IV.   CONCLUSION**

24      In light of this Court's duty to strictly construe the removal statute and Defendant's

25  failure to support its allegations with sufficient evidence, the Court cannot conclude that

26  Defendant has proven by a preponderance of the evidence that the amount in controversy is

27  more likely than not $75,000.

28      Accordingly,

1        **IT IS ORDERED** that Plaintiff's Motion to Remand (Doc. 43) is granted.

2        **IT IS FURTHER ORDERED** that the Clerk of the Court remand this case to Pinal

3  County Superior Court.

4        **IT IS FURTHER ORDERED** that this Order does not undertake to rule on the

5  pending Motion for Summary Judgment (Doc. 49) and such motion shall remain pending

6  before the Superior Court judge.

7        DATED this 14th day of June, 2012.

                                  James A. Teilborg
                            United States District Judge